# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **WALTER ANDREW PLASTER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00376 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CAPTAIN TATUM, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Walter Andrew Plaster, Pro Se Plaintiff.*

Plaintiff Walter Andrew Plaster, a state inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983 and the "Religous [sic] Land Use of Institutionalized Persons Act," alleging that jail officials have refused to provide him with the diet required by his religious beliefs. After review of his submissions, I conclude that this action must be summarily dismissed.

Plaster filed his Complaint in mid-May 2019. He states that he has been confined at the Southwest Virginia Regional Jail Authority ("SWVRJA") facility located in Abingdon, Virginia, since approximately February 5, 2019. The remainder of his "Facts" are brief:

> I am a part of the Asatru Religious Group there is a religious diet that we are required to eat which includes no processed meats, so I need the Common fair diet.[1]
>
> Defendants Captain Tatum, Major Kilgore, SWVJA Abingdon, Jane Doe kitchen worker, and Oasis Commissary Company are all responsible together for placing a substantial burden on my rights and denying me the Common fair diet.
>
> All of the named defendants . . . are also responsible for making me become addicted to processed meats.
>
> I am sincere to my religion to the best of my ability and because of this substantial burden my religious practices have been damaged.

Compl. 2-3, ECF No. 1 (paragraph numbers omitted).

Plaster names the above-mentioned individuals and the SWVRJA jail facility as defendants, contending that "his religious rights have been substantially burdened due to a duty that the named defendants owed [him] by providing him with a religious diet." *Id.* at 1. As relief, Plaster requests declaratory relief, monetary damages in the amount of $100 "per day starting July 1st 2019 for every day that [he] spends incarcerated at the SWVRJA," or a transfer to a state prison by July 1, 2019. *Id.* at 3.

I must dismiss any action or claim filed by a prisoner proceeding in forma pauperis if I find that the action or claim is frivolous, malicious, or fails to state a

---

[1] Plaster clearly means the Common Fare diet, which is designed by prison authorities to meet the religious dietary needs of various faiths. *See Braxton v. Dir. of Health Servs.*, No. 1:17CV340(TSE/IDD), 2018 WL 6072003, at *3 n.3 (E.D. Va. Nov. 19, 2018).

claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To survive screening under § 1915A, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] "[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

Plaster names the jail facility itself as a defendant. A jail building, however, cannot qualify as a person subject to being sued under § 1983. *See, e.g., McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992). Therefore, the court must dismiss Plaster's claims against the facility.

While the other defendants are persons, the Complaint does not describe any action that any defendant took, personally, or any policy for which any of them is responsible, that caused a violation of Plaster's religious rights. Thus, the Complaint does not state any § 1983 claim against any defendant he has named. *See, e.g., Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official

---

[2] I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion, unless otherwise noted.

charged acted personally in the deprivation of the plaintiff['s] rights"). Moreover, Plaster's submissions do not state sufficient facts for an actionable against anyone.

I will assume, for purposes of this Opinion, that Plaster intends to bring his § 1983 claims under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). "This [right] encompasses policies that impose a substantial burden on a prisoner's right to practice his religion." *Wall v. Wade*, 741 F.3d 492, 498 (4th Cir. 2014). For constitutional purposes, such a burden is one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs," *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 718 (1981), or one that forces him to "choose between following the precepts of h[is] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of h[is] religion . . . on the other hand," *Sherbert v. Verner*, 374 U.S. 398, 404 (1963).

Similarly, "RLUIPA prohibits [state] prisons from imposing a substantial burden on an inmate's religious exercise unless prison officials can demonstrate that the burden furthers a compelling governmental interest by the least restrictive means." *Miles v. Moore*, 450 F. App'x 318, 319 (4th Cir. 2011) (unpublished)

(citing 42 U.S.C. § 2000cc-1(a)(1)-(2)). The inmate "bears the initial burden to demonstrate that the prison's policy exacts a substantial burden on religious exercise." *Incumaa v. Stirling*, 791 F.3d 517, 525 (4th Cir. 2015). Under RLUIPA, "a substantial burden on religious exercise occurs when a state or local government, through act or omission, puts substantial pressure on an adherent to modify his behavior and to violate his beliefs."[3] *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006).

In analyzing either First Amendment or RLUIPA claims, "courts properly consider whether the inmate retains other means for engaging in the particular religious activity . . . in assessing whether a denial of the inmate's preferred method for engaging that religious exercise imposes a substantial burden." *Shabazz v. Johnson*, No. 3:12CV282, 2015 WL 4068590, at *8 (E.D. Va. July 2, 2015) (finding no substantial burden where NOI inmate could self-select foods from an established prison menu to consume a diet consistent with his religious beliefs); *see also Ephraim v. Angelone*, 313 F. Supp. 2d 569, 579 (E.D. Va.), *aff'd*, 68 F. App'x 460 (4th Cir. 2003) (unpublished) (holding that there is no constitutional requirement for prison to offer special diet for individual inmate if he can self-select acceptable food items from meal choices already provided);

---

[3] Only if the inmate proves that there is a substantial burden on his religious practice, does "the burden shift[ ] to the government to prove its policy furthers a compelling governmental interest by the least restrictive means." *Incumaa*, 791 F.3d at 525.

*Abernathy v. Cunningham*, 393 F.2d 775, 778 (4th Cir. 1968) (finding that if an inmate's religious diet can be accommodated through choices offered on the regular serving line, special diet need not be provided). Moreover, prison practices do not substantially burden an inmate's rights if they merely make his "religious exercise more expensive or difficult," but are "not inherently inconsistent with [his] beliefs." *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 735, 739 (6th Cir. 2007) (unpublished).

Plaster's Complaint offers only a naked assertion that without Common Fare meals at the jail, his religious beliefs are substantially burdened. He presents no facts to support that assertion as he must do to state a plausible claim that the meals available to him pressure him to violate his religious beliefs. *Lovelace*, 472 F.3d at 187; *Iqbal*, 556 U.S. at 678. From Plaster's sparse allegations, one learns only that his religious diet allegedly should not include "processed meats" and that he *wants* the Common Fare diet. Compl. 2, ECF No. 1. He does not allege that anyone at the jail has forced him to consume processed meats, by using physical force or by serving no other food items.[4] Indeed, Plaster does not describe the foods that *are*

---

[4] I find that Plaster's separate claim — that the defendants have caused him to become addicted to processed meats — has no basis in fact and is properly dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (holding that "frivolous" claim is one that "lacks an arguable basis either in law or in fact," because it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless") (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

available to him at the jail, or explain why he cannot practice his religious dietary beliefs by choosing and consuming only those available items that are consistent with his Asatru beliefs. Furthermore, it is likely the commissary at the jail stocks some food items consistent with his beliefs. If Plaster cannot, or chooses not to, purchase these items to supplement jail meals, his own financial limitations or choices, and not the defendants' policies, are the cause of his noncompliance with his Asatru dietary tenets.

Even if Plaster could state facts showing that he is unable to comply with his Asatru dietary beliefs using the meal options provided at the jail, he fails to state an actionable claim against any of the defendants for another reason. Officials' negligent or inadvertent acts that cause unintentional interference with an inmate's religious practice do not violate the Free Exercise Clause or RLUIPA. *Lovelace*, 472 F.3d at 194, 201. Plaster's allegations do not indicate that any of the defendants intentionally provided only meal options that prevented him from following his religious dietary beliefs.

For the stated reasons, I conclude that Plaster's allegations do not support a plausible claim under the First Amendment or RLUIPA. Accordingly, I will summarily dismiss this civil action without prejudice, pursuant to § 1915A(b)(1).[5]

---

[5] Dismissal of this case without prejudice leaves Plaster free to refile his claims in a new and separate civil action, if he can correct the deficiencies described in this Opinion. He is advised, however, that monetary damages are not available under

A separate Final Order will be entered herewith.

DATED: July 1, 2019

/s/ James P. Jones
United States District Judge

---

RLUIPA. *See, e.g., Sossamon v. Texas*, 563 U.S. 277, 285-86 (2011); *Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009).